**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**PHYLLIS BUCHANAN,
AS PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH BENEFICIARIES
OF LAURA HENDRIX, DECEASED**           **PLAINTIFF**

**VS.**           **CAUSE NO.:** 3:23CV011-MPM-RP

**DESOTO COUNTY, MISSISSIPPI**           **DEFENDANT**

**JURY TRIAL DEMANDED**

**COMPLAINT**

Comes now, Plaintiff, and files this Complaint for damages against Defendant, DeSoto County, Mississippi, and states the following:

I. PARTIES

1. Phyllis Buchanan is an adult resident of Hardin County, Tennessee, and is the personal representative of the wrongful death beneficiaries of Laura Hendrix, deceased.

2. DeSoto County, Mississippi, is a political subdivision of the State of Mississippi, which may be served with process through Michael Lee, the President of the Board of Supervisors for DeSoto County, Mississippi, at 365 Losher Street, Suite 300, Hernando, Mississippi, 38632. Defendant DeSoto County, Mississippi, operates and maintains a law enforcement agency known as the DeSoto County Sheriff's Department which is responsible for the operation of the DeSoto County Jail. At all time relevant hereto, DeSoto County acted under color of state law.

## II. JURISDICTION AND VENUE

3. Jurisdiction and venue are appropriate in this Court pursuant to 28 U.S.C. §§ 1331 and 1391, as the causes of action stated herein arise under 42 U.S.C. §§ 1983 and 1988, and all actions and omissions took place within DeSoto County, Mississippi.

## III. FACTS

4. On August 25, 2021, Laura Hendrix was committed to the custody of DeSoto County, Mississippi, on a "Writ to Take Custody" ("the Writ") due to alcohol and/or drug abuse.

5. The Writ specifically stated that Laura Hendrix was a danger to herself and others.

6. The Writ ordered the Sheriff or Deputy Sheriff of DeSoto County to take custody of Laura Hendrix, who was at the time located in a patient room at Baptist Memorial Hospital—DeSoto, and to take her to the Batesville or Corinth Crisis Center, if available, or to the DeSoto County Jail if not.

7. Laura Hendrix was taken to the DeSoto County Jail by a deputy of the DeSoto County Sheriff Department whose identity at this time is unknown to Plaintiff.

8. Laura Hendrix was taken by DeSoto County Jail personnel to a room or cell referred to as "Alpha 20."

9. Upon information and belief, Alpha 20 had no video surveillance within it where Laura Hendrix could be continuously monitored by DeSoto County Jail personnel.

10. Laura Hendrix was placed inside Alpha 20 alone, and the door to Alpha 20 was closed.

11. Upon information and belief, the only way for Laura Hendrix to be monitored by jail personnel while within Alpha 20 alone was for jail personnel to physically walk to Alpha 20 and look through the window into that room.

12. After being placed in Alpha 20, Laura Hendrix was left unmonitored for approximately 24 minutes before being checked on by jail personnel.

13. Following that first check 24 minutes after being placed in Alpha 20, Laura Hendrix was not monitored on a regular schedule.

14. Rather, over the next three hours, various jail personnel checked on Laura Hendrix on varying intervals of 42, 33, 15, 6, 25, 13, 7, and 25 minutes in length.

15. At the last check, a jail employee, believed to be named Christopher Carnell, looked through the window on the door into Alpha 20 and saw that Laura Hendrix had a phone cord wrapped around her neck.

16. Carnell called for a "Code 3" and jail personnel responded to Alpha 20.

17. Laura Hendrix was nonresponsive in Alpha 20.

18. While jail staff attempted CPR and called for EMS assistance, Laura Hendrix remained nonresponsive and without a pulse.

19. Laura Hendrix died by suicide on August 25, 2021, as a result of strangulation with a phone cord in Alpha 20 at the DeSoto County Jail.

### III. CAUSE OF ACTION

20. Defendant knew, or with the exercise of reasonable care and diligence, should have known, that Laura Hendrix was a danger to herself as of August 25, 2021, while she was in the custody of the DeSoto County Jail on a writ committing her to such custody involuntarily.

21. Defendant maintained an inadequate policy, procedure, custom, and/or practice with regard to monitoring those within the custody of the DeSoto County Jail who presented a danger to themselves.

22. Defendant's policy, procedure, custom, and/or practice allowed Laura Hendrix to be placed within Alpha 20, a cell with no video monitoring, with an implement highly likely to be utilized in a suicide, a phone cord.

23. Defendant's inadequate policy, procedure, custom, and/or practice led to Laura Hendrix's successful suicide in violation of her rights under the Fourteenth Amendment to the Unites States Constitution to be protected from self-harm while within government custody.

24. Defendant's inadequate policy, procedure, custom, and/or practice evidences deliberate indifference and/or gross neglect for the constitutional rights of those within its custody who pose a risk of self-harm.

25. Pursuant to 42 U.S.C. § 1983, the wrongful death beneficiaries of Laura Hendrix are entitled to recover compensatory damages resulting from her wrongful death which was caused by the violation of her rights under the Fourteenth Amendment to the United States Constitution, including funeral costs, lost wages and services, damages for Laura Hendrix's conscious pain and suffering, and damages for the loss of Laura Hendrix's society and companionship.

26. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to recover reasonable attorney fees incurred in pursuing compensatory damages for the constitutional violations described herein.

27. In the alternative, unknown deputies and jail personnel disregarded policy and acted with reckless disregard in placing Laura Hendrix in a cell with no video surveillance with a

phone cord and in not regularly monitoring Laura Hendrix in violation of Laura Hendrix's right to be protected from self-harm under the Fourteenth Amendment to the United States Constitution.[1]

Wherefore, premises considered, Plaintiff prays for service to be issued, for a jury trial on all counts, for judgment against Defendant for compensatory damages, and for interest, costs and attorney fees, as well as any other relief to which Plaintiff is entitled under the circumstances.

Respectfully submitted,

BY: s/ Brandon Flechas
BRANDON FLECHAS (MSB#102283)
PHILIP A. STROUD (MSB# 99401)
THE STROUD LAW FIRM, P.C.
5779 Getwell Road, Suite C-1
Southaven, MS 38672
Tel. (662)536-5656
Fax (662)536-5657
brandon@stroudlawyers.com
philip@stroudlawyers.com
Attorneys for Plaintiff

---

[1] At such time as the identities of the individual deputies and jail personnel responsible for violation of Laura Hendrix's rights become known to Plaintiff, this Complaint will be amended to add those individuals as defendants.