IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PHYLLIS BUCHANAN,
AS PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH BENEFICIARIES
OF LAURA HENDRIX, DECEASED             PLAINTIFF

VERSUS          CIVIL ACTION NO.: 3:23cv011-MPM-RP

DESOTO COUNTY, MISSISSIPPI             DEFENDANT

### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant DeSoto County, Mississippi, by and through counsel, and in response to the First Amended Complaint ("Complaint") filed against it herein states as follows:

#### First Defense

The Plaintiff's Complaint fails to state a cause of action upon which relief can be granted, such that it should be dismissed.

#### Second Defense

Defendant did not engage in any conduct amounting to deliberate indifference to the rights or needs of Plaintiff.

#### Third Defense

Defendant affirmatively invokes all defenses available to it set forth in FED. R. CIV. PRO. 12(b) for which a good faith legal and/or factual basis exists or may be shown to exist in its favor.

#### Fourth Defense

To the extent that Plaintiff seeks to assert any claims arising under state law, Plaintiff's Notice of Claim, and/or lack thereof, was defective and not in compliance with the mandatory provisions of the Mississippi Tort Claims Act, MISS. CODE ANN. §11-46-11 such that this Court

accordingly lacks subject matter jurisdiction over Plaintiff's claims asserted in the Complaint, in whole or part.

### Fifth Defense

To the extent that Plaintiff seeks to assert any claims arising under state law, Defendant hereby invokes all protections afforded by the Mississippi Tort Claims Act, MISS. CODE ANN. §11-46-9. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6).

### Sixth Defense

To the extent that Plaintiff seeks to assert any claims arising under state law, such claims are barred under the statutory exemptions from liability enumerated in MISS. CODE ANN. §11-46-9, *et seq.*, of the Mississippi Tort Claims Act.

### Seventh Defense

No custom, policy, or practice attributable to the Defendant proximately caused any harm to Plaintiff. Likewise, no such custom, policy, or practice evinced, or was maintained with, deliberate or willful indifference.

### Eighth Defense

Plaintiff's claims are barred under the doctrine of governmental immunity and/or sovereign immunity.

### Ninth Defense

Without waiving any of the defenses asserted herein, Defendant asserts the protections of Miss. Code Ann. §85-5-7.

**Tenth Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted by reason of the fact that any duty on the part of the Defendant's officers and agents involved the use of discretion, and at no time did any governmental actor acting on behalf of the Defendant substantially exceed his or her authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

**Eleventh Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted by reason of the fact that Plaintiff's claims set forth and encompass conclusory allegations of isolated incidents and episodic acts and omissions with respect to which the Defendant neither acted nor failed to act with deliberate and conscious indifference to Plaintiff, nor did the Defendant have subjective knowledge of a substantial risk of serious harm or any other actual, threatened, or imminent constitutional violation with regard to the safety or medical care of Plaintiff which was likely to result in harm to Plaintiff.

**Twelfth Defense**

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk, and the doctrine of unclean hands.

**Thirteenth Defense**

To the extent that Plaintiff seeks to assert individual liability under state law, the provisions of MISS. CODE ANN. §11-46-5 and §11-46-7 are hereby invoked prohibiting individual liability

under the provisions of the Miss. Tort Claims Act. To the extent that Plaintiff seeks individual liability against the Defendant under state law outside the scope of the Miss. Tort Claims Act, those claims are barred by the expiration of the applicable statute of limitations under MISS. CODE ANN. §15-1-35, or alternatively, are barred by laches, waiver, and estoppel.

### Fourteenth Defense

At no time did the Defendant breach a duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason Plaintiff's claims are barred.

### Fifteenth Defense

To the extent that Plaintiff seeks to assert any claims arising under state law, such claims are barred under the doctrine of governmental immunity and/or sovereign immunity.

### Sixteenth Defense

Plaintiff's claims are barred under the doctrine of independent, intervening cause, and/or efficient superseding cause.

### Seventeenth Defense

The sole proximate cause or proximate contributing cause of Plaintiff's injuries or losses, if any, was the negligent or intentional acts of a third party or parties for whom the Defendant cannot be held responsible and which is pled as a complete bar to recovery or in diminution thereof.

### Eighteenth Defense

Punitive damages are not cognizable against Defendant under §1983. Defendant further invokes the safeguards of the Equal Protection and Due Process clauses of the U.S. Constitution; Article 3, Section 14 of the Mississippi Constitution; and the provisions of Miss. Code Ann. §§11-1-65 and 11-46-15(2) (1993).

**Nineteenth Defense**

Pursuant to §11-46-15 of the Mississippi Tort Claims Act, Plaintiff is precluded and barred from recovering an award for exemplary or punitive damages, interest prior to judgment, or an award of attorney's fees on any purported state law claims.

**Twentieth Defense**

Defendant denies each and every allegation in the Complaint by which Plaintiff seeks to impose liability upon it.

**Twenty-First Defense**

Defendant denies each and every allegation not specifically admitted herein.

**Twenty-Second Defense**

And now, responding to the Complaint numbered paragraph by numbered paragraph, Defendant DeSoto County, Mississippi, states as follows:

1. Upon information and belief, Defendant admits the allegations set forth in numbered ¶1. of the Plaintiff's Complaint.

2. Defendant admits that it is a political subdivision of the State of Mississippi and that it has been served with process. Defendant admits that it operates the DeSoto County Jail. Except as specifically admitted, the remaining allegations contained in numbered ¶2. of the Plaintiff's Complaint are denied.

3. Upon information and belief, Defendant admits the allegations contained in numbered ¶3. of the Plaintiff's Complaint.

4. Defendant admits that Laura Hendrix was brought to the DeSoto County Jail pursuant to a Writ, and otherwise asserts that the content of said document speaks for itself. Except as

specifically admitted, Defendant denies the remaining allegations contained in numbered ¶4. of the Plaintiff's Complaint.

5. Defendant admits that the subject Writ speaks for itself. Except as specifically admitted, Defendant denies the allegations contained in numbered ¶5. of the Plaintiff's Complaint.

6. Defendant admits that the subject Writ speaks for itself. Except as specifically admitted, Defendant denies the allegations contained in numbered ¶6. of the Plaintiff's Complaint.

7. Defendant denies the allegations contained in numbered ¶7. of the Plaintiff's Complaint.

8. Defendant admits that a deputy transported Laura Hendrix to its facility.

9. Defendant denies the allegations contained in numbered ¶9. of the Plaintiff's Complaint.

10. Defendant admits that there was no video surveillance in the cell where Laura Hendrix was housed.

11. Defendant admits the allegations contained in numbered ¶11. of the Plaintiff's Complaint.

12. Defendant denies the allegations contained in numbered ¶12. of the Plaintiff's Complaint.

13. Defendant admits that Laura Hendrix was repeatedly checked on and that the records and video evidence of same speak for themselves. Except as specifically admitted, the remaining allegations contained in numbered ¶13. of the Plaintiff's Complaint are denied.

14. Defendant denies the allegations contained in numbered ¶14. of the Plaintiff's Complaint.

15. Defendant admits that Laura Hendrix was checked on at various intervals as noted in records and documented in video footage, each of which speak for themselves. Except as

specifically admitted, the remaining allegations contained in numbered ¶15. of the Plaintiff's Complaint are denied.

16. Defendant admits that the subject cell had a phone which itself had a 30" cord. Except as specifically admitted, the remaining allegations contained in numbered ¶16. of the Plaintiff's Complaint are denied.

17. Defendant admits that Chris Carnell was the first person to see that Laura Hendrix had placed the phone cord around her neck. Except as specifically admitted, the remaining allegations contained in numbered ¶17. of the Plaintiff's Complaint are denied.

18. Defendant admits the allegations contained in numbered ¶18. of the Plaintiff's Complaint.

19. Defendant admits that Laura Hendrix was non-responsive upon being found.

20. Defendant admits the allegations contained in numbered ¶20. of the Plaintiff's Complaint.

21. Defendant admits the allegations contained in numbered ¶21. of the Plaintiff's Complaint.

22. Defendant denies the allegations contained in numbered ¶22. of the Plaintiff's Complaint.

23. Defendant denies the allegations contained in numbered ¶23. of the Plaintiff's Complaint.

24. Defendant denies the allegations contained in numbered ¶24. of the Plaintiff's Complaint.

25. Defendant denies the allegations contained in numbered ¶25. of the Plaintiff's Complaint.

26. Defendant denies the allegations contained in numbered ¶26. of the Plaintiff's Complaint.

27. Defendant denies the allegations contained in numbered ¶27. of the Plaintiff's Complaint.

28. Defendant denies the allegations contained in numbered ¶28. of the Plaintiff's Complaint.

29. Defendant denies the allegations contained in numbered ¶29. of the Plaintiff's Complaint.

30. Defendant denies the allegations contained in numbered ¶30. of the Plaintiff's Complaint.

31. Defendant denies the allegations contained in numbered ¶31. of the Plaintiff's Complaint.

32. Defendant denies the allegations contained in numbered ¶32. of the Plaintiff's Complaint.

33. Defendant denies the allegations contained in numbered ¶33. of the Plaintiff's Complaint.

34. Defendant denies the allegations contained in numbered ¶34. of the Plaintiff's Complaint.

35. Defendant denies the allegations contained in numbered ¶35. of the Plaintiff's Complaint.

36. Defendant denies the allegations contained in numbered ¶36. of the Plaintiff's Complaint.

Responding to the Plaintiff's unnumbered prayer for relief which immediately follows numbered ¶ 36. of the Plaintiff's First Amended Complaint, Defendant DeSoto County, Mississippi, denies that Plaintiff is entitled to an award of money for compensatory damages, an award for costs, attorney's fees, expenses, or for any relief or damages whatsoever.

AND NOW, having fully responded to the Plaintiff's First Amended Complaint, and having alleged affirmative matters in response thereto, Defendant DeSoto County, Mississippi, again denies that it is liable unto the Plaintiff for damages in any amount and respectfully requests that this action be dismissed with all costs assessed to the Plaintiff.

Defendant reserves the right to plead further herein, and specifically reserves the right to amend its Answer to assert any additional defenses which may be disclosed during the course of discovery.

**DEFENDANT REQUESTS A JURY.**

Respectfully Submitted,

/s/ *R. Jeff Allen*
R. Jeff Allen (Bar No. 10593)
rjallen@huntross.com
HUNT ROSS & ALLEN
P.O. Box 1196
Clarksdale, MS 38614
662-627-5251 (telephone)
662-627-5254 (fax)
ATTORNEY FOR DEFENDANT
DESOTO COUNTY, MISSISSIPPI

## CERTIFICATE OF SERVICE

I, R. Jeff Allen, hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Brandon Flechas
>Philip A. Stroud
>The Stroud Law Firm, P.C.
>brandon@stroudlawyers.com
>philip@stroudlawyers.com
>***Attorneys for Plaintiff***

This, the 25th day of January, 2024.

/s/ *R. Jeff Allen*
R. Jeff Allen